30 F.3d 127
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES, Appellee,
v.
Wayne STRAW, Defendant, Appellant.
 No. 93-2169
 United States Court of Appeals,
First Circuit.
 July 12, 1994
 
 Appeal from the United States District Court for the District of Massachusetts [Hon. Nathaniel M. Gorton, U.S. District Judge ]
 William A. Hahn and Hahn & Matkov on brief for appellant.
 Donald K. Stern, United States Attorney, and Robert E. Richardson, Assistant United States Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before Selya, Cyr and Boudin, Circuit Judges.
 Per Curiam.
 
 
 1
 Wayne Straw appeals his conviction and sentence for illegal reentry into the United States after deportation, 8 U.S.C. Sec. 1326. We summarily affirm pursuant to Loc. R. 27.1.
 
 Background
 
 2
 On January 11, 1990, the United States Immigration and Naturalization Service deported Straw from the United States to Jamaica. Prior to his deportation, Straw had been twice convicted in Dorchester District Court for possession of marijuana (once in 1981 and again in 1982). Straw was found in the United States in February, 1993. A federal grand jury, in a one-count indictment, charged him with unlawful reentry after deportation in violation of 8 U.S.C. Sec. 1326(a) and (b)(2). Straw pleaded guilty, preserving his right to appeal his sentence.
 
 
 3
 Adopting the factual findings and recommended sentencing guideline application contained in Straw's presentence report, the district court increased Straw's base offense level by 16, pursuant to U.S.S.G. Sec. 2L1.2, on account of his 1981 and 1982 convictions for "aggravated felonies." A total offense level of 21 and a criminal history category of III yielded an imprisonment range of 46 to 57 months. The court sentenced Straw to 46 months in prison.
 
 Discussion
 
 4
 Straw argues on appeal that the sentencing court erred in increasing his base offense level pursuant to U.S.S.G. Sec. 2L1.2, which provides, in relevant part, as follows:
 
 
 5
 (2) If the defendant previously was deported after a conviction for an aggravated felony, increase by 16 levels.
 
 
 6
 The statutory authority for this guideline provision is found in 8 U.S.C. Sec. 1326(b), which imposes a maximum penalty of 15 years for the crime of illegal reentry following deportation "subsequent to a conviction for commission of an aggravated felony." 8 U.S.C. Sec. 1326(b)(2). The Anti-Drug Abuse Act of 1988 (the "ADAA") added subsection (b) to Sec. 1326.
 
 
 7
 On appeal, Straw contends, as he did at his sentencing hearing, that the use of his prior convictions to enhance his sentence under Sec. 1326(b)(2) violates the ex post facto clause of the Constitution. Specifically, Straw argues that at the time of his convictions for marijuana possession, those offenses did not constitute "aggravated felonies." Not until 1988, when Congress enacted the ADAA, did the law classify possession of marijuana as an "aggravated felony," enhancing the penalty for illegal reentry. See 8 U.S.C. Secs. 1101(a)(43) and 1326(b)(2). Therefore, Straw reasons, to enhance his sentence based upon convictions that pre-dated the amendment adding the enhanced penalty provision would violate the ex post facto clause's prohibition against the retrospective application of laws that materially disadvantage the defendant. See U.S. Const. art. I, Sec. 9, cl. 3.
 
 
 8
 We recently rejected an identical argument in United States v. Forbes, 16 F.3d 1294 (1st Cir. 1994). As we reasoned there, the enhancement provision increases the punishment for the crime of unlawful reentry and does not affect the punishment that Straw received for the offenses he committed before the effective date of the ADAA. See id. at 1302. "As the Gryger [v. Burke, 334 U.S. 728 (1948) ] Court observed, the fact that prior convictions that factored into a defendant's increased sentence preceded the enactment of an enhancement provision does not render the Act invalidly retroactive." Id. Therefore, we hold that Straw's conviction and sentence do not violate the ex post facto clause.
 
 
 9
 To the extent that appellant argues, as a matter of statutory construction, that Congress did not intend Sec. 1326(b)(2) to apply retroactively to a defendant who was convicted and deported prior to enactment of the ADDA, we have also recently rejected precisely that argument. See United States v. Troncoso, No. 93-2130, slip op. at 8 (1st Cir. May 18, 1994); see also United States v. Forbes, 16 F.3d 1294 (upholding application of Sec. 1326(b)(2) based on aggravated felony convictions that occurred prior to effective date of ADAA).
 
 
 10
 Straw's final argument is that the "rule of lenity" should bar the application of the enhancement provision in this case. The rule of lenity requires, in certain circumstances, that ambiguity in criminal statutes, including sentencing provisions, be resolved in defendant's favor. See United States v. Granderson, 114 S. Ct. 1259, 1267 (1994); United States v. Bass, 404 U.S. 336, 347 (1971). Straw has failed to convince us, however, that there is ambiguity about whether Sec. 1326(b) was intended to apply to a defendant who was convicted and deported prior to enactment of the ADDA, but illegally reentered the country thereafter. In United States v. Troncoso, No. 93-2130, slip op. at 8, we affirmed the district court's application of Sec. 1326(b)(2) to enhance a sentence for illegal reentry by an alien convicted and deported prior to the ADAA's enactment, based upon the "plain meaning of the provision." We noted there that "the Act provided that the amendment adding section 1326(b) 'shall apply to any alien who enters, attempts to enter, or is found in, the United States on or after the date of the enactment of this Act.' " Id. at 6. The rule of lenity "cannot dictate an implausible interpretation of a statute...." Taylor v. United States, 495 U.S. 575, 596 (1990). Therefore, we decline Straw's invitation to apply the rule of lenity here.
 
 
 11
 For the foregoing reasons, Straw's conviction and sentence are summarily affirmed pursuant to Loc. R. 27.1.